IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAAD NABEEL, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:12-CV-0666-P-BH |
| | ) | |
| NURIA T. PRENDES, ICE Director, | ) | |
| Dallas Field Office, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for habeas corpus relief should be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

Petitioner challenges his deportation pursuant to 28 U.S.C. § 2241. Respondent is ICE Field Office Director, Nuria T. Prendes.

Petitioner moved with his family from Bangladesh to the United States when he was three years old. (Petition (Pet.) at 1-2). He graduated from a Dallas area high school in 2009 and received a full scholarship to the University of Texas at Arlington. *Id.* at 2. While a student there in 2010, he accompanied his mother to Canada so that she could seek refugee status for the family. *Id.* at 2-3. Petitioner and his mother were detained in New York when they attempted to re-enter the United States, and he was ultimately deported to Bangladesh on January 6, 2010. *Id.* at 3. He is currently residing in Malaysia. *Id.* at 4, 15.

Petitioner filed his habeas petition on March 5, 2012, alleging that his due process rights were violated numerous times during the deportation process when he was denied the ability to talk to his parents or an attorney, denied permission to apply for asylum, denied food, threatened with

criminal prosecution, and forced to sign acknowledgment of a ten year bar. *Id.* at 3-4-5. He purports not to ask the Court to "assume any jurisdiction or offer any opinion of the removal order," but only to grant him habeas relief and rule on the constitutional issues in his petition. (Pet. at 16).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

### A. <u>Custody Requirement</u>

An individual may seek habeas relief under § 2241 only if he is "in custody" under federal authority, for a violation of federal law, or in violation of either federal law or the United States Constitution. *See* 28 U.S.C. § 2241(c). The "in custody" requirement is a jurisdictional prerequisite. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). In the immigration context, an alien subject to a final deportation order is "in custody" for purposes of § 2241. *Zolicoffer v. U.S. Dep't of Justice*. 315 F.3d 538, 540 (5th 2003). An alien who has already been deported, however, is not "in custody" for habeas purposes. *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (*per curiam*) (agreeing with and adopting the reasoning in *Kumarasamy v. Attorney General*, 453 F.3d 169, 173 (3rd Cir.

2006); *Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir. 2003); and *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001)).

Petitioner acknowledges *Merlan* but contends that he meets the two exceptions to the "in custody" requirement suggested in that case. The *Merlan* court found that because the petitioner had failed to show that his "deportation was the result of any extreme circumstances or that he is subject to any restraints in [his home country] not experienced by other non-citizens who lack the documentation to enter the United States, he has not shown that he is 'in custody' within the meaning of § 2241." *Merlan*, 667 F.3d at 539. Petitioner claims that he was deported as a result of "extreme circumstances" because he was denied the ability to talk to his parents or an attorney, denied permission to apply for asylum, denied food, threatened with criminal prosecution and forced to sign an acknowledgment of a ten-year bar during his deportation proceedings. (Pet. at 3-5). He also asserts that he has been subject to greater restraints on his freedom since his deportation because of the anti-American views he has encountered in Bangladesh that have caused him to be under "virtual house arrest." *Id.* at 10-11, 15.

Examples of cases finding "extreme circumstances" justifying an exception to the "in custody" requirement at the time of filing a § 2241 petition are limited. In *Miranda* (cited in *Merlan*), the Ninth Circuit noted that it had previously found "extreme circumstances" in *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996), where an immigrant had been deported in violation of the immigration judge's order staying deportation after interference with his right to counsel by withholding the immigrant's file. 238 F.2d at 1159. It found no extreme circumstances in Miranda's case where he had been removed pursuant to an immigration judge's order after a hearing at which he was represented by counsel, and that he was not subject to any restraints "that are not


shared by the public generally that significantly confine and restrain his freedom." *Id.* In *Rivera v. Ashcroft,* 394 F.3d 1129, 1138-39 (9th Cir. 2005), the Ninth Circuit again found "extreme circumstances" where the petitioner was unrepresented by counsel at his hearing, the immigration judge acted as an investigative agent rather than an impartial fact-finder, the petitioner waived his right to appeal without assistance of counsel, and he had a colorable claim to birthright American citizenship. In *Gutierrez v. Gonzales*, 125 Fed. App'x 406, 409, 416 (3rd Cir. 2005), the Third Circuit found extreme circumstances where the petitioner was actually in custody based on an error of law by the relevant government agency, he had asked his attorney to appeal the legally erroneous decision *while he was in custody*, and the attorney failed to file a habeas petition but made affirmative misrepresentations that he had done so. (*Emphasis added*.)

As for claims of greater restraints, the issue is whether the United States is in a position to restrain a petitioner's liberty, *see Patel*, 334 F.3d at 1263, not whether circumstances in his home country restrain his liberty. Here, petitioner does not allege that the United States is restraining his liberty in either Malaysia or Bangladesh, only that it will not permit him to re-enter. He has not alleged sufficient facts to establish an exception to the "in custody" requirement on this basis. Even assuming, without deciding, that his claims of denial of counsel, food, and access to his parents during the deportation proceedings constitute extreme circumstances justifying an exception to the "in custody" requirement, however, the Court still lacks jurisdiction over his petition because of the nature of the relief he seeks.[1]

---

[1] Although Petitioner was detained and deported in New York, venue appears proper in this district based on his allegations that a substantial part of the events and omissions giving rise to his claims occurred here. (Pet. at 4); *see also So v. Reno*, 251 F. Supp. 2d 1112, 1126-27 (E.D.N.Y. 2003) (applying traditional venue considerations and transferring § 2241 to New York because petitioner had lived there prior to his deportation, and his family and attorney lived there, although he had been detained and deported from California).

**B.** **<u>Judicial Review of Removal</u>**

In 2005, Congress passed the REAL ID Act. The language of the Act specifically states that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision , and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5)[2]; *see also Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 333-34 (5th Cir. 2008). Since this law was passed, district courts no longer have habeas jurisdiction under § 2241 to review final removal orders. *Merlan*, 667 F.3d at 539; *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2003).

Petitioner acknowledges this law, but maintains that he is seeking "habeas relief" with regard to his constitutional claims and is not challenging the deportation order itself. (Pet. at 16).[3] In actuality, however, petitioner is challenging the constitutionality of his deportation and seeking relief from the deportation order so that he may return to the United States. A federal district court does not have the jurisdiction to grant petitioner the relief that he seeks. Furthermore, the relevant statute specifically authorizes courts of appeals to review constitutional claims raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).[4] This Court does not have jurisdiction to grant petitioner the relief that he seeks, and his habeas petition should be dismissed for lack of jurisdiction.

---

[2] Subsection (e) sets out additional limits on judicial review with respect to aliens who enter the United States without permission. *See* 8 U.S.C. § 1252(e).

[3] Notwithstanding this assertion, he cites to cases addressing orders of removal in support of his claims for relief. (Pet. at 13-14).

[4] Given the length of time since petitioner was deported, Court will offer no opinion as to whether a petition for review filed at this point would be a timely one. *See* 8 U.S.C. § 1252(b).

## III. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 19th day of March, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE