IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAAD NABEEL,<br>    Petitioner,<br>vs.<br><br>NURIA T. PRENDES, ICE Director,<br>Dallas Field Office,<br>    Respondent. | )<br>)<br>)    No. 3:12-CV-0666-P-BH<br>)<br>)<br>)<br>) |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, petitioner's objections filed on March 29, 2012 (doc. 4), and petitioner's amended petition filed on June 27, 2012 (doc. 6), in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Petitioner, a previously deported alien represented by counsel, filed his original habeas petition pursuant to § 2241 on March 5, 2012, challenging his deportation. On March 19, 2012, the United States Magistrate Judge entered Findings, Conclusions, and Recommendation recommending that the petition be dismissed for lack of jurisdiction because petitioner is not "in custody" for purposes of § 2241, and because he was essentially challenging a final removal order. (*See* doc. 3). Petitioner filed objections to the Findings, Conclusions, and Recommendation, and in the alternative, a motion for change of venue, on March 29, 2012. (doc. 4). On June 8, 2012, he filed *Petitioner's Request for Court's Ruling on Petitioner's Response.* (doc. 5).

Petitioner seeks habeas relief under § 2241. An individual may seek habeas relief under § 2241 only if he is "in custody" under federal authority, for a violation of federal law, or in violation

of either federal law or the United States Constitution. *See* 28 U.S.C. § 2241(c). The "in custody" requirement is a jurisdictional prerequisite. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An alien who has already been deported is not "in custody" for habeas purposes. *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (*per curiam*) (agreeing with and adopting the reasoning in *Kumarasamy v. Attorney General*, 453 F.3d 169, 173 (3rd Cir. 2006); *Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir. 2003); and *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001)).[1] Furthermore, since Congress passed the REAL ID Act in 2005, federal district courts do not have habeas jurisdiction under § 2241 to review final removal orders. *Merlan*, 667 F.3d at 539; *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2003). Petitioner is, in effect, challenging his deportation.

Petitioner's objections provide no legal or factual basis for his contention that a federal district court has jurisdiction to review the habeas claims of a deported alien. He asserts that 28 U.S.C. § 1361 confers jurisdiction (doc. 4 at 8-9), but the test for whether a court has jurisdiction under the Mandamus Act is "whether mandamus would be an appropriate means of relief." *Li v. Agagan*, 2006 WL 637903, *4 (5th Cir. March 14, 2006), *quoting Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). The Fifth Circuit has held that a district court does not have jurisdiction under § 1361 to challenge a final deportation order because federal law already precludes a district court exercising jurisdiction. *Li*, slip op. at *4. Furthermore, 8 U.S.C. § 1252(a)(5) specifically states that:

> [n]otwithstanding any other provision of law...including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petitioner for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive means for judicial review* of an order of

---

[1] Petitioner does not meet either of the suggested exceptions to the "in custody" requirement. *See Merlan*, 667 F.3d at 539; *see also Rivera v. Ashcroft*, 394 F.3d 1129, 1138-39 (9th Cir. 2005); *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996); *Gutierrez v. Gonzales*, 125 Fed. App'x 406, 409, 416 (3rd Cir. 2005).

removal.

(emphasis added). Therefore, the relevant statute also specifically states that § 1361 does not confer jurisdiction on a district court to review a removal order. Finally, although petitioner also contends that the magistrate judge "offers no indication of proper venue", (*see* doc. 4 at 11), the findings, conclusions and recommendation specifically found that venue appeared proper in this district, (*see* doc. 3 at 4 n. 1). The objections are therefore overruled, and the motion for change of venue is denied.

On June 27, 2012, petitioner filed an amended petition. (*See* doc. 6). When a responsive pleading has not been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or with either the opposing party's written consent or the court's leave. Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Petitioner has not shown that he filed his amended petition within 21 days of serving his

3

original petition, and he did not move for leave to amend. Even if considered, however, the amended petition still provides no basis for jurisdiction. The amended petition asserts that petitioner should be granted habeas relief because the President of the United States recently issued an executive order declining to deport certain aliens that would apply to him if he were still in the United States. (doc. 6). The recent executive order does not alter the fact that jurisdiction is lacking because petitioner is not "in custody" and because he is challenging his removal.

Petitioner's objections are **OVERRULED**, and the motion to transfer venue is **DENIED**. For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the petition and amended petition for habeas corpus are **DISMISSED** for lack of jurisdiction. Petitioner's *Request for Court's Ruling on Petitioner's Response*, received June 8, 2012 (doc. 5), is **DENIED as moot**.

If petitioner files a notice of appeal, he must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SIGNED this 28th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

4